# EXHIBIT B

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
(AVISO AL DEMANDADO):
**OMNI RLP HOLDINGS, LLC,** a Delaware Limited Liability
Company; Does 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
(LO ESTA DEMANDANDO EL DEMANDANTE):
**Rafael Arroyo**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

OCT 23 2020

**M. FLANAGAN**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDER DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 dias, la corte puede decidir en su contra sin escuchar su version. Lea la information a continuacion.

Tiene 30 DIAS DE CALENDARIO despues de que le entreguen esta citacion y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefonica no lo protegen. Su respuesta por escrito tine que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y mas informacion en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede mas cerca. Si no puede pagar la cuota de presentacion, pida al secretario de la corte que le de un formulario de exencion de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podra quitar su sueldo, dinero y bienes sin mas advertencia.

Hay otros requisitos legales. Es recommendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remision a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servivios legals gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp.espanol/) or poniendose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperacion de $10,000 o mas de valor recibida mediante un acuerdo o una concesion de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: Superior Court in and for the County of Riverside (El nombre y direccion de la corte es): 3255 E Tahquitz Canyon Way Palm Springs, CA. 92262, United States Superior Court in and for the County of Riverside. | CASE NUMBER: (Número de Caso): PSC 2004875 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la direccion y el numero del telefono del abogado del demandante, o del demandante que no tine abogado, es):

Russell Handy., Center for Disability Access, 8033 Linda Vista Road, Suite 200 San Diego, CA 92111
(858) 375-7385

| | | | |
|---|---|---|---|
| DATE: OCT 23 2020 (Fecha) | Clerk, by M. FLANAGAN | , Deputy | |
| | (Secretario) | (Adjunto) | |

(For Proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010).)

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ Other (specify):
4. ☐ by personal delivery on (date):

[Seal]
COPY

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |

CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Amanda Seabock, Esq., SBN 289900
Zachary Best, Esq., SBN 166035
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Attorneys for Plaintiff

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

OCT 20 2020

M. FLANAGAN

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

| | |
|---|---|
| Rafael Arroyo,<br><br>    Plaintiff,<br><br>    v.<br>OMNI RLP HOLDINGS, LLC, a<br>Delaware Limited Liability<br>Company; Does 1-10;<br><br>    Defendants, | Case No. PSC 2004875<br><br>**Complaint For Damages And Injunctive Relief For Violations Of:** Americans With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Rafael Arroyo complains of OMNI RLP HOLDINGS, LLC, a Delaware Limited Liability Company; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1.  Plaintiff is a California resident with physical disabilities. He is substantially limited in his ability to walk. He is a paraplegic. He uses a wheelchair for mobility.

2.  Defendant OMNI RLP HOLDINGS, LLC, a Delaware Limited Liability

1

Complaint

1   Company, owns and operates the Omni Rancho Las Palmas Resort & Spa,
2   41000, Bob Hope Dr, Rancho Mirage, 92270, California, currently and at all
3   times relevant to this complaint.

4       3.   Plaintiff does not know the true names of Defendants, their business
5   capacities, their ownership connection to the property and business, or their
6   relative responsibilities in causing the access violations herein complained of,
7   and alleges a joint venture and common enterprise by all such Defendants.
8   Plaintiff is informed and believes that each of the Defendants herein,
9   including Does 1 through 10, inclusive, is responsible in some capacity for the
10  events herein alleged, or is a necessary party for obtaining appropriate relief.
11  Plaintiff will seek leave to amend when the true names, capacities,
12  connections, and responsibilities of the Defendants and Does 1 through 10,
13  inclusive, are ascertained.

14

15  **JURISDICTION:**
16      4.   This Court has subject matter jurisdiction over this action as a court of
17  general jurisdiction. This Court has personal jurisdiction over Defendants
18  because they conduct substantial business in the State of California, County of
19  Riverside, and Defendant's offending Website is available throughout
20  California.

21      5.   Venue it proper in this Court because Defendant conducts business in
22  this County.

23      6.   Unlimited jurisdiction is proper because Plaintiff seeks a permanent
24  injunction ordering compliance with the Americans with Disabilities Act.

25

26  **PRELIMINARY STATEMENT**
27      7.   This is a lawsuit challenging the reservation policies and practices of a
28  place of lodging. Plaintiff does not know if any physical or architectural

---

2

Complaint

barriers exist at the hotel and, therefore, is not claiming that that the hotel has violated any construction-related accessibility standard. Instead, this is about the lack of information provided on the hotel's reservation website that would permit plaintiff to determine if there are rooms that would work for him.

8.  After decades of research and findings, Congress found that there was a "serious and pervasive social problem" in America: the "discriminatory effects" of communication barriers to persons with disability. The data was clear and embarrassing. Persons with disabilities were unable to "fully participate in all aspects of society," occupying "an inferior status in our society," often for no other reason than businesses, including hotels and motels, failed to provide information to disabled travelers. Thus, Congress decided "to invoke the sweep of congressional authority" and issue a "national mandate for the elimination of discrimination against individuals with disabilities," and to finally ensure that persons with disabilities have "equality of opportunity, full participation, independent living" and self-sufficiency.

9.  As part of that effort, Congress passed detailed and comprehensive regulations about the design of hotels and motels. But, as importantly, Congress recognized that the physical accessibility of a hotel or motel means little if the 61 million adults living in America with disabilities are unable to determine which hotels/motels are accessible and to reserve them. Thus, there is a legal mandate to provide a certain level of information to disabled travelers.

10. But despite the rules and regulations regarding reservation procedures, a 2019 industry article noted that: "the hospitality sector has largely overlooked the importance of promoting accessible features to travelers."

11. These issues are of paramount important. Persons with severe disabilities have modified their own residences to accommodate their unique needs and to ameliorate their physical limitations. But persons with disabilities

3

Complaint

1    are never more vulnerable than when leaving their own residences and having

2    to travel and stay at unknown places of lodging. They must be able to ascertain

3    whether those places work for them.

4

5    **FACTUAL ALLEGATIONS:**

6    12. Plaintiff planned on making a trip in April of 2021 to the Palm Springs,

7    California, area.

8    13. He chose the Omni Rancho Las Palmas Resort & Spa, 41000, Bob Hope

9    Dr, Rancho Mirage, 92270, California because this hotel was at a desirable

10   price and location.

11   14. Plaintiff needs an accessible guestroom. He needs clearance around

12   beds, he needs accessible restroom facilities including accessible sinks,

13   accessible tubs or showers and accessible toilets. He needs sufficient

14   maneuvering clearance in and around the guestroom. He needs accessories to

15   be located within an accessible reach range. In short, he benefits from and

16   needs compliant accessible guestroom features.

17   15. Plaintiff went to the Omni Rancho Las Palmas Resort & Spa, website at

18   https://www.omnihotels.com/ to book an accessible room on September 22,

19   2020.

20   16. Plaintiff found that there was little information about the accessibility

21   of the rooms. For example, under the "Essential Accessibility" tab, the Website

22   merely mentions the hotel provides numerous accommodations for guests

23   with disabilities. Accessible rooms and ADA assistance kits (visual/vibrating

24   alarm clock, telephone amplifier, etc.) are available for our guests with mobility

25   or hearing disabilities." The information given on the Website is vague and

26   conclusory. Under the "Accommodations" tab on the page, it merely mentions

27   about the ADA Accessible Rooms available with roll-in showers, tubs and grab

28   bars." Under the "ADA VISTA VIEW ROOM – 1 KING BED", it merely states,

4

Complaint

1    "Grab bars available near tub" Under the "ADA LAKE VIEW ROOM-1 KING
2    BED" it states; "Roll-in shower with grab bars and handheld shower head."
3    Under the "Accessibility" tab, it makes more conclusory statements such as:
4    "Accessible restaurant entrance", "Accessible main entrance", and
5    "Accessible vehicles can be accommodated". These vague and conclusory
6    statements do not contain enough information to assess if the rooms and hotel
7    are accessible. For example, there is no mention if the bedroom has compliant
8    clear floor space, or if the toilet and sink are accessible, or if the table/desk is
9    accessible. The photos that accompany those rooms do not show any
10   accessible features.

11       17. The defendant's reservation system failed to identify and describe the
12   accessible features in the facility in enough detail to reasonably permit him to
13   assess independently whether the facility met his accessibility needs. The
14   photos that accompany those rooms do not show any accessible features.

15       18. This lack of information created difficulty for the plaintiff and the idea
16   of trying to book a room -- essentially ignorant about its accessibility -- caused
17   discomfort for the Plaintiff.

18       19. Plaintiff would like to patronize this hotel but is deterred from doing so
19   because of the lack of detailed information through the hotel's reservation
20   system. Plaintiff not only travels frequently but is always on the lookout for
21   businesses that violate the law and discriminate against him and other persons
22   with disabilities, intending to have them comply with the law and pay statutory
23   penalties.

24

25   **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**
26   **WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all
27   Defendants.) (42 U.S.C. section 12101, et seq.)

28       20. Plaintiff re-pleads and incorporates by reference, as if fully set forth

5

---

Complaint

1   again herein, the allegations contained in all prior paragraphs of this
2   complaint.

3      21. Under the ADA, it is an act of discrimination to fail to make reasonable
4   modifications in policies, practices, or procedures when such modifications
5   are necessary to afford goods, services, facilities, privileges advantages or
6   accommodations to person with disabilities unless the entity can demonstrate
7   that taking such steps would fundamentally alter the nature of the those goods,
8   services, facilities, privileges advantages or accommodations. See 42 U.S.C. §
9   12182(B)(2)(A)(ii).

10     22. Specifically, with respect to reservations by places of lodging, a
11  defendant must ensure that its reservation system, including reservations
12  made by "any means," including by third parties, shall:

13          a. Ensure that individuals with disabilities can make
14              reservations for accessible guest rooms during the same
15              hours and in the same manner as individuals who do not
16              need accessible rooms;

17          b. Identify and describe accessible features in the hotels and
18              guest rooms offered through its reservations service in
19              enough detail to reasonably permit individuals with
20              disabilities to assess independently whether a given hotel
21              or guest room meets his or her accessibility needs; and

22          c. Reserve, upon request, accessible guest rooms or specific
23              types of guest rooms and ensure that the guest rooms
24              requested are blocked and removed from all reservations
25              systems.

26       *See* 28 C.F.R. § 36.302(e).

27     23. Here, the defendant failed to modify its reservation policies and
28  procedures to ensure that it identified and described accessible features in the

6

Complaint

1  hotels and guest rooms in enough detail to reasonably permit individuals with
2  disabilities to assess independently whether a given hotel or guest room meets
3  his or her accessibility needs and failed to ensure that individuals with
4  disabilities can make reservations for accessible guest rooms during the same
5  hours and in the same manner as individuals who do not need accessible
6  rooms.
7
8  **II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL**
9  **RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ.
10  Code § 51-53.)
11     24. Plaintiff repleads and incorporates by reference, as if fully set forth
12  again herein, the allegations contained in all prior paragraphs of this
13  complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia,
14  that persons with disabilities are entitled to full and equal accommodations,
15  advantages, facilities, privileges, or services in all business establishment of
16  every kind whatsoever within the jurisdiction of the State of California.  Cal.
17  Civ. Code §51(b).
18     25. The Unruh Act provides that a violation of the ADA is a violation of the
19  Unruh Act.  Cal. Civ. Code, § 51(f).
20     26. Defendants' acts and omissions, as herein alleged, have violated the
21  Unruh Act by, inter alia, failing to comply with the ADA with respect to its
22  reservation policies and practices.
23     27. Because the violation of the Unruh Civil Rights Act resulted in difficulty
24  and discomfort for the plaintiff, the defendants are also each responsible for
25  statutory damages, i.e., a civil penalty. *See* Civ. Code § 52(a).
26
27
28

7

Complaint

**PRAYER:**

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code § 52(a).


Dated: October 19, 2020          CENTER FOR DISABILTY ACCESS


                                 By:_____
                                 Russell Handy, Esq.
                                 Attorneys for Plaintiff


8

Complaint

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Russell Handy, Esq., SBN 195058<br>Center for Disability Access<br>Mail: 8033 Linda Vista Road, Suite 200 San Diego, CA 92111<br>Delivery: 8033 Linda Vista Road, Suite 200 San Diego, CA 92111<br>TELEPHONE NO.: (858) 375-7385      FAX NO.: (888) 422-5191<br>ATTORNEY FOR *(Name):* Plaintiff,  Rafael Arroyo | FOR COURT USE ONLY<br><br>F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE<br><br>OCT 2 0 2020<br><br>M. FLANAGAN |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside<br>STREET ADDRESS: 3255 E Tahquitz Canyon Way<br>MAILING ADDRESS: 3255 E Tahquitz Canyon Way<br>CITY AND ZIP CODE: Palm Springs, CA. 92262<br>BRANCH NAME: United States Superior Court in and for the County of Riverside |
|---|

| CASE NAME:<br>ARROYO  v. OMNI RLP HOLDINGS, LLC |
|---|

| CIVIL CASE COVER SHEET<br>[✓] Unlimited     [ ] Limited<br>(Amount            (Amount<br>demanded         demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>PSC 2 0 0 4 8 7 5<br><br>JUDGE:<br><br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [✓] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):* 2: Americans with Disabilities Act, Unruh Civil Rights Act
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 10/19/2020
Russel Handy, Esq.
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

Exhibit B, Page 21

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | |
|---|---|
| ☐ BANNING 135 N. Alessandro Rd., Banning, CA 92220<br>☐ BLYTHE 265 N. Broadway, Blythe, CA 92225<br>☐ HEMET 880 N. State St., Hemet, CA 92543<br>☐ MORENO VALLEY 13800 Heacock St., Ste. D201,<br>    Moreno Valley, CA 92553 | ☐ MURRIETA 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563<br>☒ PALM SPRINGS   3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262<br>☐ RIVERSIDE 4050 Main St., Riverside, CA 92501<br>☐ TEMECULA 41002 County Center Dr., #100, Temecula, CA 92591 |

RI-030

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*<br>Russell Handy, Esq., SBN 195058<br>Center for Disability Access<br>8033 Linda Vista Road, Suite 200<br>San Diego, CA 92111<br>TELEPHONE NO: (858) 375-7385     FAX NO. *(Optional)*: (888) 422-5191<br>E-MAIL ADDRESS *(Optional)*: cda@cda4access.com<br>ATTORNEY FOR *(Name)*:  Rafael Arroyo | FOR COURT USE ONLY<br><br>**F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE<br><br>OCT 2 0 2020<br><br>M. FLANAGAN |
| PLAINTIFF/PETITIONER:  Rafael Arroyo | |
| DEFENDANT/RESPONDENT: OMNI RLP HOLDINGS, LLC | CASE NUMBER: PSC 2 0 0 4 8 7 5 |
| **CERTIFICATE OF COUNSEL** | |

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒     This action arose in the Zip Code of:   92270 _____

☐     The action concerns real property located in the zip code of: _____

☐     The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date   10/19/2020 _____

Russell Handy, Esq.
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)          ▷ _____ (SIGNATURE)

| | | |
|---|---|---|
| Approved for Optional Use:<br>Riverside Superior Court<br>RI-030 [Rev. 08/15/13] | **CERTIFICATE OF COUNSEL** | Page 1 of 1<br>Local Rule 1.0015<br>riverside.courts.ca.gov/localforms/localforms.shtml |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
3255 E. Tahquitz Cyn Way
Palm Springs, CA  92262
www.riverside.courts.ca.gov

NOTICE OF DEPARTMENT ASSIGNMENT FOR ALL PURPOSES
AND NOTICE OF CASE MANAGEMENT CONFERENCE

ARROYO V OMNI RLP HOLDINGS

CASE NO. PSC2004875

This case is assigned to the Honorable Judge David M. Chapman in Department PS2 for all purposes, including trial.

The Case Management Conference is scheduled for 04/21/21 at 8:30 in Department PS2.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section. The court follows California Rules of Court, Rule 3.1308(a) (1) for tentative rulings (see Riverside Superior Court Local Rule 3316). Tentative Rulings for each law and motion matter are posted on the Internet by 3:00 pm on the court day immediately before the hearing at <http://www.riverside.courts.ca.gov/tentativerulings.shtml>. If you do not have internet access, you may obtain the tentative ruling by telephone at (760)904-5722.

To request oral argument, not later than 4:30 pm on the court day before the hearing you must (1) notify the judicial secretary at (760)904-5722 and (2) inform all other parties. If no request for oral argument is made by 4:30 pm, the tentative ruling will become the final ruling on the matter effective the date of the hearing.

Requests for accommodations can be made by submitting Judicial Council form MC-410 no fewer than five court days before the hearing. See California Rules of Court, rule 1.100.

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the foregoing NOTICE on this date, by depositing said copy as stated above.

Court Executive Officer/Clerk

M. FLANAGAN

Date: 10/23/20                    by:
                                        MICHAEL K FLANAGAN, Deputy Clerk

cdacmc
12/8/16

Exhibit B, Page 23