JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES—GENERAL

| Case No. | **EDCV 20-2510 JGB (KKx)** | Date | July 15, 2021 |
|---|---|---|---|
| Title | *Rafael Arroyo v. Omni RLP Holdings et al.* | | |

Present: The Honorable **JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE**

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Defendant's Motion to Dismiss (Dkt. No. 17); and (2) VACATING the July 19, 2021 Hearing (IN CHAMBERS)

Before the Court is a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Omni RLP Holdings. ("Motion," Dkt. No. 17.) The Court determines this matter is appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed in support of and in opposition to the Motion, the Court **GRANTS** Defendant's Motion. The July 19, 2021 hearing is **VACATED**.

### I.  BACKGROUND

On October 20, 2020, Plaintiff Rafael Arroyo filed a complaint against Defendant Omni RLP Holdings in the Riverside County Superior Court. (Dkt. No. 1-1.) On December 3, 2020, Defendant removed the case to this Court. (Dkt. No. 1.)

On March 15, 2021, Plaintiff filed a first amended complaint alleging two causes of action: (1) violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq.; and (2) violation of the Unruh Civil Rights Act, Cal Civ. Code § 51-53. ("FAC," Dkt. No. 16.) Defendant moved to dismiss the FAC on March 29, 2021 and filed in support a Request for Judicial Notice. (See Motion; "RJN," Dkt. No. 17-2.) Plaintiff opposed on May 13, 2021. ("Opposition," Dkt. No. 12.) Defendant replied in support of its Motion on May 20, 2021 and filed a second Request for Judicial Notice in support. ("Reply," Dkt. No. 21; "Supplemental RJN," Dkt. No. 22.)

//

## II. FACTUAL ALLEGATONS

Plaintiff alleges the following facts, which are assumed to be true for the purposes of this Rule 12 (b)(6) Motion. Plaintiff is a California resident with physical disabilities who uses a wheelchair. (FAC ¶ 1.) Defendant owns and operates the Omni Rancho Las Palmas Resort & Spa (the "Hotel"), located at 41000 Bob Hope Dr., Rancho Mirage, California, 92270. (Id. ¶ 2.)

Plaintiff planned to make a trip to the Rancho Mirage area in April 2021 and selected the Hotel for its desirable price and location. (Id. ¶¶ 14-16.) Plaintiff needs an accessible guestroom and requires information about accessibility features of the room during the booking process, including information about the entrance to the room, bed, toilet, and sink. (Id. ¶¶ 13, 22.)

Plaintiff visited the Hotel's website to book an accessible room in January 2021. (Id. ¶ 17.) Plaintiff found limited information about the Hotel's rooms in its reservation system. (Id. ¶ 19.) For example, when Plaintiff wished to book a roll-in shower room, the only information the Hotel's website provided about mobility accessible features was the following: "[a]ccessible [f]eatures: [r]oll-in shower with grab bars and hand-held shower head." (Id. ¶ 20.) There was no information about the accessibility of the guestroom's interior doors, bed, toilet, or sink. (Id. ¶¶ 24-27.) Plaintiff was unable to independently assess whether the Hotel's rooms were accessible to him given the limited descriptions available online. (Id. ¶ 23.) Plaintiff would like to patronize the Hotel but is deterred by the lack of detailed information about accessibility in the Hotel's reservation system. (Id. ¶ 33.)

## III. JUDICIAL NOTICE

"A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). An adjudicative fact may be judicially noticed if it is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Defendant requests the Court take judicial notice of:

- Screenshots of the home page and accessibility tab of the Hotel's Website ("Accessibility Page Screenshots") (Ex. 1-2, Dkt. No. 17-2);
- Orders dismissing complaints similar to the instant Complaint in other federal district courts in California ("Case Documents," Ex 3-9, Dkt. No. 17-2).

Plaintiff opposes the RJN as to the Case Documents but not as to the Accessibility Page Screenshots. (Opposition at 2, 7). Because the Court does not consider the Case Documents, it **DENIES** the RJN as to the Case Documents. However, the Court may take judicial notice of those "document[s] whose contents are alleged in the complaint" and on which the complaint "necessarily relies." Spy Optic, Inc. v. Alibaba.com, Inc., 163 F. Supp. 3d 755, 763 (C.D. Cal.

2015) (taking judicial notice of screenshots of the defendant's website). Accordingly, the Court **GRANTS** the RJN as to the Accessibility Page Screenshots and takes notice of these documents.

The Supplemental RJN attaches orders dismissing complaints essentially identical to the instant Complaint in additional cases in California federal district courts. (Dkt. Nos. 22-1 through 22-7.) Because the Court does not consider these documents, it **DENIES** the Supplemental RJN.

### IV. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted. Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that a pleader is entitled to relief," in order to give the defendant "fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Horosny v. Burlington Coat Factory, Inc., No. 15–05005, 2015 WL 12532178, at *3 (C.D. Cal. Oct. 26, 2015). When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint — as well as any reasonable inferences to be drawn from them — as true and construe them in the light most favorable to the non-moving party. See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

//
//

## V. DISCUSSION

Per Title III of the ADA, "[n]o individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation..." 42 U.S.C § 12182(a). To succeed on an ADA claim, a plaintiff must demonstrate that: "(1) they are disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of their disability." Arizona ex rel.Goddard v. Harkins Amusement Enters. Inc., 603 F.3d 666, 670 (9th Cir. 2010) (citing Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir.2007)).

At issue is the third element, which is satisfied when a plaintiff alleges a violation of the ADA's accessibility standards. Garcia v. Patel and Joshi Hosp. Corp., No. 5:20-cv-2666-JGB (ECF No. 16) at 6 (C.D Cal. May 7, 2021). Here, Plaintiff alleges that Defendant's reservation system violates a regulation promulgated under the ADA known as the "Reservations Rule." 28 C.F.R. § 36.302(e)(1). (FAC ¶¶ 36-39.)

### A. Violation of the Reservations Rule

Plaintiff contends that the Hotel's website does not satisfy the Reservations Rule and therefore falls short of the ADA requirements. (Id. ¶¶ 38-39.) Defendant counters that the Hotel meets its obligations under the Reservations Rule because its website provides sufficient information about accessibility features. (Motion at 11.)

The Reservations Rule requires a hotel's reservation website to "[i]dentify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." 28 C.F.R. § 36.302(e)(1)(ii). The Department of Justice ("DOJ") has issued guidance clarifying that under the Reservations Rule, "a reservations system is not intended to be an accessibility survey," and that "it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the general type of room, the size and number of beds, the type of accessible bathing facility, and communications features available in the room." 28 C.F.R. Pt. 36, App. A § 302, Title III Regulations 2010 Guidance and Section-by-Section Analysis ("DOJ Guidance").[1]

---

[1] DOJ guidance interpreting regulations implementing the ADA is entitled to deference. Bragdon v. Abbott, 534 U.S. 624, 646 (1998); Kohler v. Presidio Int'l, Inc., 782 F.3d 1064, 1069 (9th Cir. 2015) (DOJ's guidance interpreting requirements of the ADA is "entitled to substantial deference") (internal quotation marks and citation omitted). Thus, contrary to Plaintiff's contentions otherwise (Opposition at 23), this Court routinely defers to the Reservations Rule and the DOJ Guidance.

This Court has previously considered when a hotel's website provides sufficient accessibility information under the Reservations Rule. This Court has denied motions to dismiss where the defendant's website featured insufficient accessibility information. This Court explained in Patel and Joshi Hosp. Corp. that hotels may need to provide more information than what the DOJ Guidance states "may be sufficient." No. 20-2666 at 5. In that case, the plaintiff alleged that defendant's website described its room as "accessible," with "1 King Bed," "2 Queen Beds," "an accessible vanity, light switch, toilet, wide room doors, and grab bars in bathroom." Id. at 2. The Court held that hotels may be required to supply additional information beyond what the DOJ Guidance states "may be sufficient" in order for a plaintiff to determine whether hotel rooms are useable. Id. at 5. In other words, the list of accessible features in the DOJ Guidance is "illustrative rather than exhaustive." Id. at 6. This reaffirmed the Court's earlier holding in the same case that the defendant's website did "not describe accessible features ... in enough detail to reasonably permit [plaintiff] to assess independently whether [defendant's] Hotel rooms [met] his ... accessibility needs." Garcia v. Patel & Joshi Hosp. Corp., No. EDCV202666JGBPVCX, 2021 WL 1936809, at *5 (C.D. Cal. Mar. 19, 2021) (internal citations and alterations omitted).

However, the Court has dismissed similar claims where a defendant described a room's accessibility features in enough detail to meet the Reservations Rule requirements. In Arroyo v. BBC Esmeralda, LLC, Garcia v. SL&C Ontario, LLC, and Salinas v. Starwood Hosp., LLC, this Court found sufficient accessibility information in defendants' websites to satisfy the Reservations Rule and the ADA. No. 21-342 JGB (ECF No. 14) at 7 (C.D. Cal. May 7, 2021); No. 21-61 JGB (ECF No. 12) at 6 (C.D. Cal. Mar. 26, 2021); No. 21-434 JGB (ECF No. 16) at 7 (C.D. May 14, 2021). All of those cases had similar or identical websites describing rooms as having the following accommodations: "[a]ccessible route from public entrance to accessible guest rooms," [a]ccessible guest rooms with 32" wide doorways," [b]athroom grab bars," "[r]oll-in shower," "[s]hower wand, adjustable," "[d]eadlocks lowered," and "[t]oilet seat at wheelchair height." BBC Esmeralda, No. 21-342 at 5. This Court held that "it is unclear what information Plaintiff might need to determine whether the Hotel meets his access needs that he is not able to discern from the Hotel's website." Starwood Hosp., No. 21-434 at 6. Thus, this Court looks to the level of detail contained in the website to determine whether plaintiffs plausibly state a claim.

Here, Plaintiff argues that the Hotel's website fails to state 1) whether the guest rooms' entrance and interior doors provide at least 32 inches of clearance; 2) whether the rooms' beds provided at least 30 inches width on the side; and 3) whether there are toilet grab bars, height of the toilet, or knee clearance under the bathroom sink. (FAC ¶¶ 24-27.) However, Defendant's website does mention its guest rooms provide a 32-inch entry, that there are grab bars near the toilet, and that the toilet is 34 inches from the floor. (Accessibility Page Screenshots.) This seems to address Plaintiff's concerns; moreover, it provides more accessibility information than the website in Patel and Joshi Hosp. Corp., which failed to include the "type of bathing facility" or "communications features" the plaintiff requested. See Accessibility Page Screenshots; 2021 WL 1936809 at 5 (C.D. Cal. Mar. 19, 2021). Here, the Defendant's website states that accessible rooms feature "[r]oll-in-shower with adjustable height hand held shower head," "tubs with grab

bars," "[a]udible alarm notification," "TTY for guest use,"[2] and "[a]ssistive listening devices for meetings." (Accessibility Page Screenshots.) Indeed, the Hotel's accessibility features rise to the level of detail provided in BBC Esmeralda, S&L Ontario, and Starwood Hosp., where the websites listed detailed bathroom accessible features, identified specific toilet and sink accessibility, and mentioned the rooms had accessible room entry providing 32 inches of clear width. No. 21-342 at 6; No. 21-61at 5-6; No. 21-434 at 6. Thus, the Hotel's website provides the accessibility information required by the Reservations Rule.

### B. Website's Use of the Word "Accessible"

The parties also argue over whether the language on Defendant's website is sufficiently definite. Plaintiff alleges that Defendant's use of the word "accessible" on its website is "simply a conclusion or opinion by the [H]otel" that "provides no actual information." (Opposition at 7.) Defendant contends that the Hotel website's language is sufficiently definite. (Reply at 10.)

The ADA Standards for Accessible Design ("ADAAG") explicitly define the term "accessible" as "[a] site, building, facility, or portion thereof that complies with [the 2010 ADAAG]." 2010 ADAAG § 106.5; see also 1991 ADAAG § 3.5 (same). The DOJ Guidance notes that "it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the general type of room." 28 C.F.R. § 36, App. A. That regulation makes clear that to be accessible means to comply with either the 1991 or 2010 ADAAG. 28 C.F.R. § 36.406(c). The term "accessible" is therefore a legal term of art under the ADA and its regulations. This Court has already held "[a] website need not list its compliance or non-compliance with every ADAAG provision to satisfy [the Reservations Rule]." SL&Ontario, No. 21-61 at 6. In Starwood Hosp., the Court found that the term "accessible" may be used to indicate "a hotel's feature's compliance with ADAAG requirements." No. 21-434 at 6. The same is true here: Defendant uses "accessible" as a shorthand for compliance with the ADAAG.

## VI. CONCLUSION

For the reasons above, the Court **GRANTS** Defendant's Motion. Since an amendment to the asserted claims would be futile, the Court **DISMISSES** Plaintiff's Complaint without leave to amend. The July 12, 2021 hearing is **VACATED**. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

---

[2] The TeleTYpe ("TTY") is an electromechanical typewriter paired with a communication channel used by a person who does not have enough functional hearing to understand speech.